

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2006

# Brown v. Blaine

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4618

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

### Recommended Citation

"Brown v. Blaine" (2006). *2006 Decisions.* Paper 889.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/889

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4618
_____

ALTON D. BROWN,
Appellant

v.

CONNER BLAINE, JR., Superintendent;
RICHARD ROACH, Captain;
LIEUTENANT KOSTINGO, Lieutenant (Max);
P. WALKER, Sergeant (Max);
JEFFREY BEARD; SGT. GRANDAN; LT. MAYLE

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 01-cv-02047)
District Judge: Honorable Gary L. Lancaster
_____

Submitted Under Third Circuit LAR 34.1(a)
May 10, 2006

Before: SCIRICA, CHIEF JUDGE, BARRY AND COWEN, CIRCUIT JUDGES

(Filed: June 16, 2006)

_____

OPINION
_____

PER CURIAM

Appellant Alton Brown, a Pennsylvania prisoner proceeding pro se, appeals several orders of the United States District Court for the Western District of Pennsylvania related to the grant of summary judgment to defendants on his civil rights complaint. As explained herein, we will affirm the judgment of the District Court.

Brown filed a civil rights complaint alleging that prison officials and officers at the State Correctional Institution at Greene, Pennsylvania ("SCI-Greene") violated his constitutional rights when they strip searched him on October 21, 1999, March 21, 2001, and April 6, 2001. Specifically, Brown alleges that the strip searches were unsanitary because he was required to sweep his mouth with his finger after he had been directed to touch his genitals, that the searches were conducted in such a manner merely to embarrass and humiliate him, and that he was verbally harassed during each search. Brown further claims that he was strip searched in retaliation for having filed numerous grievances and civil rights complaints against prison personnel. Brown explicitly states that he does not challenge the need to conduct strip searches of prisoners entering the Restricted Housing Unit ("RHU") at SCI-Greene.

The District Court sua sponte dismissed the complaint for failure to state a claim because Brown had not alleged that he had suffered any physical injury as a result of the searches. This Court affirmed the dismissal insofar as Brown sought compensatory damages and vacated the dismissal to the extent that Brown sought declaratory and injunctive relief. See C.A. No. 01-4476. Brown then filed an amended complaint containing the allegations outlined above. On September 20, 2004, the District Court

2

dismissed the complaint as to defendant Conner Blaine for failure to prosecute because Brown had failed to provide the U.S. Marshals with an address at which Blaine could be served with process. The remaining defendants then filed a motion for summary judgment, which the District Court granted on December 2, 2004.

Brown timely appealed, contesting the District Court's dismissal of his first amended complaint and his complaint against Blaine, its denial of his motion for "continuance of summary judgment", and its grant of summary judgment in favor of the remaining defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Brown first contests the District Court's order dismissing his first amended complaint. Following this Court's remand of the underlying action to the District Court, Brown requested an extension of time in which to file an amended complaint. The District Court granted his request on August 1, 2003, instructing Brown to limit his amended complaint to "the issues previously raised in this litigation." Brown then filed an amended complaint containing allegations against staff at the State Correctional Institution at Pittsburgh, Pa. ("SCI-Pittsburgh"), to which Brown had been transferred. These allegations related to strip searches conducted at SCI-Pittsburgh in 2003, well after the lawsuit was initiated in October 2001. The Court dismissed this complaint as outside the scope of its order allowing him to amend and cautioned Brown not to attempt to use the amendment process to circumvent the three strikes rule.[1] Brown maintains that the

---

[1]    Brown has three strikes. See Brown v. Brierton, Civ. No. 91-cv-00471 (M.D. Fla. 1991); Brown v. Brierton, C.A. No. 92-2030 (11th Cir. 1992); Brown v. Federal

3

District Court's action was contrary to the Federal Rules of Civil Procedure, which permit amendment once as a matter of course prior to the filing of an answer.[2]

We will affirm the District Court's order dismissing Brown's first amended complaint. Allowing Brown to allege unrelated claims against new defendants based on actions taken after the filing of the original complaint would defeat the purpose of the three strikes provision of the PLRA. See 28 U.S.C. § 1915(g); see also Scott v. Kelly, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000). Brown remains free to initiate a new lawsuit against these defendants for the actions complained of in his first amended complaint.

With respect to his motion for summary judgment, Brown argues that he was subjected to strip searches on three separate occasions while entering the RHU at SCI-Greene. According to Brown, on each occasion, he was required to lift his penis and testicles, spread his buttocks, and then place his hands on his head and "sweep" his mouth with his fingers. During two of the three searches, Brown maintains that he was also required to stand on one foot while wiggling the toes on the other foot. Brown argues that this manner of search was unsanitary, demeaning, humiliating, and in violation of his

_____

Laboratories, Inc., Civ. No. 89-cv-00507 (M.D. Fla. 1989). We determined that he had not shown imminent danger at the time he filed this appeal, and thus, we declined to grant his motion to proceed in forma pauperis. See May 26, 2005 Order. Brown then paid the fees for this appeal.

[2]    Brown also argues that the Magistrate Judge exceeded his authority in dismissing the amended complaint. However, we agree with the District Court that this was a non-dispositive order and therefore was properly ruled on by the Magistrate Judge pursuant to Federal Rule of Civil Procedure 72(a).

4

Fourth and Eighth Amendment rights, and that it was done solely for the purpose of retaliating against him for filing grievances and lawsuits against prison personnel in violation of his First Amendment rights.

The District Court reviewed the amended complaint, the verification of Wallace Leggett, a Lieutenant assigned to the RHU at SCI-Greene, videotapes of the October 21, 1999 and March 21, 2001 searches,[3] and part of the transcript of Brown's deposition. Based on these submissions, the Court concluded that the searches were conducted within the ambit of sound prison administrative policy, that Brown was not subjected to any offensive touching by any of the prison guards, and, therefore, that none of Brown's constitutional rights were violated by the searches.

We agree with the District Court. The Supreme Court has held that visual body cavity searches may be conducted by prison officials without probable cause, but that they must be conducted in a reasonable manner. Bell v. Wolfish, 441 U.S. 520, 559-60 (1979). The Court urged the lower courts to consider various factors in assessing the reasonableness of a challenged search, among them "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Id. at 559. As noted by the Ninth Circuit, in reaching this decision the Supreme Court "obviously recognized that not all strip search procedures

---

[3] In his verification, Leggett stated that he was unable to locate the videotape from the third search, which took place on April 6, 2001. However, in his deposition, Brown testified that the same procedure was followed during that search as during the preceding search.

will be reasonable; some could be excessive, vindictive, harassing, or unrelated to any legitimate penological interest." Michenfelder v. Summer, 860 F.2d 328, 332 (9th Cir. 1988). It the instant case, is undisputed that the searches complained of were conducted upon re-entry into RHU, as is required by institutional policy, that they took place in a private room, and that the officers did not place their hands on Brown at any time other than during an initial pat-down.

While Brown maintains that the searches were unsanitary, humiliating, and demeaning, searches such as the ones at bar have been held to be constitutional time and again. See, e.g., Del Raine v. Williford, 32 F.3d 1024, 1038-41 (7th Cir. 1994) (rejecting claim that rectal probe performed in lobby area of prison hospital was "unnecessarily brutal, painful, and humiliating"); Michenfelder, 860 F.2d at 332-34 (upholding policy of conducting visual bodily cavity searches every time prisoner leaves or returns to maximum security unit or moves within unit); Goff v. Nix, 803 F.2d 358, 366-67 (8th Cir. 1986) (upholding prison policy of conducting visual bodily cavity searches as condition of any movement outside prison).

Here, Brown avers that he is not challenging the need for the search, but rather, the manner in which it was conducted. In Thompson v. Souza, the Ninth Circuit held that a visual strip search in which a prisoner was required to place his fingers in his mouth after manipulating his genitalia was not unconstitutional despite the fact that prison regulations suggested that genitalia should be visually searched as the last step in the search process. 111 F.3d 694, 700 (9th Cir. 1997). As the Court explained, "[a]lthough the Officials did

6

not conduct his search exactly in accordance with the CML guidelines, they did not employ 'exaggerated or excessive means.'" Id. We agree with this analysis. While we recognize that Brown may have suffered embarrassment and humiliation while the search was being conducted, we cannot conclude that Brown's constitutional rights were violated by the search procedures employed by Appellees.

Brown further claims that the searches were conducted in retaliation for his filing of grievances and complaints against prison personnel. While the District Court did not explicitly address this claim, we conclude that Brown has failed to demonstrate that his protected activity was a substantial or motivating factor in the decisions to strip search him. See Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001). In fact, as Brown admits, each search took place upon his re-entry to RHU, as is dictated by institutional policy.

Next, Brown maintains that he was never afforded an opportunity to view the videotapes of the two searches during the course of discovery. He argues that it was therefore error for the District Court to deny his motion for a continuance and grant defendants' motion for summary judgment before he had been given an opportunity to review the tapes. Because, taking all of Brown's allegations as true, and drawing all favorable inferences from them, we conclude that Brown has not demonstrated that the searches in question violated his constitutional rights, it was not error for the District Court to move forward on defendants' motion for summary judgment as it did.

Finally, Brown avers that the District Court incorrectly dismissed his complaint against Conner Blaine because Brown could not provide his address to the U.S. Marshals

7

for service of process.  Brown's claims against Blaine were coextensive with those against defendants Roach and Beard.  Because we have determined that the District Court properly granted summary judgment as to the remaining defendants, and because Brown's complaint against Blaine, had it gone forward, would have been subject to summary judgment for the reasons articulated in the other defendants' motion, Brown could not prevail, as a matter of law, on his claims against Blaine.

Accordingly, we will affirm the judgment of the District Court.